**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JACKSONVILLE Division

2010 JUN -7 A 10: 36

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### CIVIL RIGHTS COMPLAINT FORM

NORMAN E. CAISON 471680

CASE NUMBER: 3:09-CV-893-J-32JRK
(To be supplied by Clerk's Office)

AMENDED COMPLAINT

(Enter full name of each Plaintiff and prison number, if applicable)

v.

WARDEN MELTON HICKS    . COL. MALLARO    . C.O. DAVIS I/F .

ASST. WARDEN POLHILL    . LT. JOSEPH ALLEN . C.O. MCKINTYRE I/F .

ASST. WARDEN ROBINSON, ST.    . LT. TINA MORGAN . C.O. YONN P/R .

MAJ. JEFFERSON    . SGT. DAVIS N-DORM . C.O. JAMES TYSON .

(Enter full name of each Defendant. If    SGT. JONES I/F .    C.O. HOPE .
additional space is required, use the blank
area directly to the right).    SGT. WATTS P/R . C.O. BROWNING

SGT. WHEELER .

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

CHARLOTTE C.I.

I.    PLACE OF PRESENT CONFINEMENT: UNION CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD (Indicate the name and location)
PUNTA GORDA, 33955
7819 NW 228th STREET RAIFORD, FLORIDA 32026-4160

II.    **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (X) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

     1.  Informal Grievance (Form DC3-005)
     2.  Formal Grievance (Form DC1-303)
     3.  Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.     <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

     1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

     2.  If so, you must attach a copy of the grievance and response to this Complaint form.

     3.  Were you denied emergency status? Yes (X) No ( )

          a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes (X) No ( )

          b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.     <u>Informal Grievance</u> (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes (X) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (X)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __2nd__ day of ____June____, 2 _0 1 0_ .

_Norman E. Carin 471680_
Signature of Plaintiff

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.   If your answer is YES:

   1.   What steps did you take? _____ N/A _____

   _____

   2.   What were the results? _____ N/A _____

   _____

   3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _HAppEN AT U.C.I. pRIsoN_

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _2 nd_ day of _June_, 2 _010_.

_Norman E. Carson_
**Signature of Plaintiff**

DC 225 (Rev. 9/03)                    4

IV.  **PREVIOUS LAWSUITS:**

A.  Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

B.  Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

  1.  Parties to previous lawsuit:

  Plaintiff(s): _NORmAN E. CAISON_

  Defendant(s): _WALTER MCNEIL_

  2.  Court (if federal court, name the district; if state court, name the county):
  _U.S.D.C. SouTHern DISTRICT of FLORIDA, MIAMI FLoriDA_

  3.  Docket Number: _1:10-CV-20551_

  4.  Name of judge: _PATRIck WHITE & CookE_

  5.  Briefly describe the facts and basis of the lawsuit: _FEDERAL HABES CORpus on InCARCERATION._

  6.  Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
  _STILL PENDING_

  7.  Approximate filing date: _2-22-2010_

  8.  Approximate disposition date: _UNKnown,_

D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

" UNKNOWN "

| | |
|---|---|
| 3:96-CV-460-LC. | 8:02-CV-1270-T-24-EAJ. |
| 3:96-CV-407-LC. | 02-22592-CV-MORENO |
| 3:98-CV-55-RV-MD. | |
| 3:96-CV-310-RV. | |

V.   **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: NORMAN E. CAISON

Mailing address: U.C.I. 7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

B.   Additional Plaintiffs: N/A

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: WARDEN MILTON HICKS

Mailing Address: U.C.I. 7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

Position: WARDEN AT U.C.I.

Employed at: UNION C.I.   D.O.C.

D.   Defendant: POL HILL

Mailing Address: U.C.I. 7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

Position: ASST. WARDEN

Employed at: UNION C.I.   D.O.C.

E. Defendant: ROBINSON, S.T.

Mailing Address: U.C.I   7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

Position: ASST. WARDEN

Employed at: UNION C.I     D.O.C.

F. Defendant: JEFFERSON

Mailing Address: U.C.I  7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

Position: MAJOR AT U.C.I.

Employed at: UNION C.I.     D.O.C.

G. Defendant: COL. MALLARD

Mailing Address: U.C.I  7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

Position: COLONEL AT U.C.I.

Employed at: UNION C.I.     D.O.C.

H. DEFENDANT JOSEPH ALLEN

ADDRESS U.C.I 7819 N.W. 228th STREET

RAIFORD, FLORIDA 32026-4160

POSITION LIEUTENANT

EMPLOYED AT. UNION C.I.     D.O.C.

| | | | |
|---|---|---|---|
| I | NAME TINA MORGAN<br>ADDRESS 7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026-4160 | | POSITION PROPERTY ROOM SGT.<br>EMPLOYED AT UNION C.I.   DOC. |
| | POSITION LIEUTENANT | N | NAME HOPE |
| | EMPLOYED AT UNION C.I. | | ADDRESS 7819 N.W. 228th STREET |
| | | | RAIFORD, FLORIDA 32026-4160 |
| J | NAME WHEELER | | POSITION 2ND SHIFT N-DORM OFFICER |
| | ADDRESS 7819 N.W. 228th STREET | | EMPLOYED AT UNION C.I. |
| | RAIFORD, FLORIDA 32026-4160 | O | NAME BROWNING |
| | POSITION SERGEANT | | ADDRESS 7819 N.W. 228th STREET |
| | EMPLOYED AT UNION C.I. | | RAIFORD, FLORIDA 32026-4160 |
| K | NAME JONES | | POSITION 2ND SHIFT SECURITY OFFICER |
| | ADDRESS 7819 N.W. 228th STREET | | EMPLOYED AT UNION C.I. |
| | RAIFORD, FLORIDA 32026-4160 | P | NAME DAVIS |
| | POSITION INSIDE FENCE "UNION" SGT. | | ADDRESS 7819 N.W. 228th STREET |
| | EMPLOYED AT UNION C.I. | | RAIFORD, FLORIDA 32026-4160 |
| L | NAME DAVIS | | POSITION 2ND SHIFT INSIDE FENCE OFFICER |
| | ADDRESS 7819 N.W. 228th STREET | | EMPLOYED AT UNION C.I. |
| | RAIFORD, FLORIDA 32026-4160 | Q | NAME McKINTYRE |
| | POSITION SERGEANT-N-DORM | | ADDRESS 7819 N.W. 228th STREET |
| | EMPLOYED AT UNION C.I. DOC. | | RAIFORD, FLORIDA 32026-4160 |
| M | NAME WATTS, | | POSITION 2ND SHIFT INSIDE FENCE OFFICER |
| | ADDRESS 7819 N.W. 228th STREET | | EMPLOYED AT UNION C.I. |
| | RAIFORD, FLORIDA 32026-4160 | | |

| R | NAME JAME D. Tyson | S | NAME YONN |
|---|---|---|---|
| | ADDRESS 7819 N.W. 228th STREET | | ADDRESS 7819 N.W. 228th STREET |
| | RAIFord, FLORIDA 32026-4160 | | RAIFord, FLORIDA 32026-4160 |
| | POSITION GATE 1 OFFICER | | POSITION PROPERTY Room OFFICER |
| | Employed AT UNION C.I. | | Employed AT UNION C.I. |

## STATEMENT OF CLAIM

DEFENDANTS HICKS, POLHILL, ROBINSON, JEFFERSON, MALLARD, ALLEN, MORGAN, SGT. DAVIS, JONES, WATTS, WHEELER, C.O. DAVIS, MCKINTYRE, YONN, TYSON, HOPE) AND BROWNING, ALL ARE GUILTY OF ALL CONSTITUTION, LAWS THAT ARE LISTED HERE IN THIS COMPLAINT. EITHER DIRECTLY, OR INDIRECTLY ON EACH INCIDENT ENCLOSED. ALL CLAIMS ON EACH DEFENDANT: ARE LISTED ON THE STATEMENT OF FACTS.

SEE: BOUNDS 430 U.S. 828. 97 S.CT. AT 1498, HOUSTON V. LACK 487, U.S. 266, 270, 276, 108 S.CT. 2379, 2382, 2385, THADDEUS-X V. BLATTER 110 F. 3D 1233, 1247, 1997, ZILICH V. LONGO 34 F. 3D 359, CORNELL V. WOODS 69 F. 3D 1383, POPE V. SHAFER 86 F. 3D 90, (1996), LAVINE V. WRIGHT 423 F. SUPP. 357, NORTHING-TON V. JACKSON 973 F. 2D 1518, 1524, ZINERMON V. BURCH, 494 U.S. 113, 139, 110 S.CT. 975, 990, 108 L.ED 2D 100, 122, (1990). MCCLESKEY V. KEMP, 481 U.S. 279, 292, 107 S.CT. 1756, 1767, 95 L. ED. 2D 262, 278, (1987). JOHNSON V. CALIFORNIA, 543 U.S. 499, 512, 125 S.C.T. 1141, 1150, 160 L. ED. 2D 949, 963, (2005). SANTIAGO V. MILES, 774 F. SUPP, 775, 797, W.D. N.Y. (1991) DEAN V. BAR-BER, 951 F. 2D 1210, 1215, 1216, (1992). F.S. 944.09 SEC. (2) 944. 31, 32, 33, 943. 10 SEC. (2), 838.022 SEC (1), (2) (A), 20. 315 SEC. (1) (B), 112. 313 SEC. (6) 33-208.00 1 SEC. (4) (A), 002 SEC. (1) (3) (A), 003 SEC. (6), (10), (13) (21), (22), (24), (28), (30) 33-103.017 SEC. (1).

VI.   **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

I WAS DEPRIVE OF DUE PROCESS OF LAW, AS WELL AS, MY FIRST,
FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS,
WERE VIOLATED TO BE FREE FROM RETALIATION, NEGLECT,
THREATEN, ABUSE, HARASSMENT, FEAR, NUTRITION. ALL
DEFENDANTS, WERE ACTING UNDER COLOR OF STATE LAW IN THEIR
INDIVIDUAL CAPACITY.   ALL EXHIBIT, ATTACHED TO ORIGINAL
                                " COMPLAINT"

VII.  **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

" ATTACHED "

I HAVE HAD AN ENCOUNTER WITH EACH DEFENDANT HEREIN TO
CAUSE MY LIBERTY TO BE SUSPENDED, WHICH DENIED ME ACCESS TO
PERSONAL VISITS, PHONE CALLS TO MY FAMILY, CHAPEL VISITS, LAW
LIBRARY VISIT, IN PERSON, ACCESS TO EAT A HOT MEAL THREE TIMES
EACH DAY, PROPER MEDICAL CARE, PEACEFUL NIGHT SLEEPING, MENTAL
ANGUISH, AS WELL AS, BEING VICTIMIZED ON THE DAILY BASIS BY
UNPROFESSIONAL STAFF MEMBERS. 6S.20-315 SEC.(1)(D), 112.315 SEC(6)
944.31, 32, 33, 944.09 SEC(2), 943.10 SEC.(2), 33.208.001 SEC (4)(A) 002 SEC(1),

**Statement of Facts, continued:**

WARDEN MELTON HICKS, BEING THE CHIEF ADMINISTRATOR WAS RESPONSIBLE FOR ALL STAFF MEMBERS CONDUCT UNDER HIS SUPERVISION. HOWEVER WARDEN HICKS, CONDONE OR REFUSE TO ADHERE WITH THE LAWS, HE CLAIMED HE WOULD UPHOLD. ASST. WARDEN POLHILL, AN ASST. WARDEN ROBINSON, WERE ASST. CHIEF ADMINISTRATORS, WHO ASSIST WARDEN HICKS, HOWEVER BOTH OF THEM REFUSE TO COMPLY WITH THE LAWS THEY CLAIM TO UPHOLD. COL. MALLARD, AND MAJ. JEFFERSON BOTH ASSISTING THE WARDEN TO ENFORCE THE LAWS, AND RULES OF THE STATE OF FLORIDA, CONDONE, OR REFUSE TO ADHERE WITH THE RULES. ALL DEFENDANTS LISTED ABOVE CAUSED ME TO SUFFER SLEEPLESS NIGHTS, MENTAL ANGUISH, Improper MEDICAL CARE, BEING VICTIMIZED, DENIED ACCESS TO PERSONAL VISITS, pHONE CALLS TO my FAMILY, CHAPEL VISITS, LAW LIBRARY VISITS, ACCESS TO THREE HOT MEALS EACH DAY, A PEACE OF MIND, AS WELL AS, my LIBERTY SUSPENDED-VIOLATES; SEE: BOUNDS 430 U.S. 828.97S. CT. AT 1498, HoustoN V. LACK 487, U.S. 266, 270; 276, 108 S. CT. 2379, 2382, 2385, THADDEUS-X V. BLATTER 110F. 3RD. 1233, 1247, 1997, ZILICH V. LONGO 34 F. 3RD 359, CORNELL V. WOODS 69 F. 3RD 1383, POPE V. SHAFER 86 F. 3RD 90, (1996), LAVINE V. WRIGHT 423 F. SUPP 357, NORTHINGTON V. JACKSON, 973 F. 2D 1518, 1524, ZINERMON V. BURCH, 494 U.S. 113, 139, 110 S. CT. 975, 990, 108 L. ED 2D 100, 122, (1990), MCCLESKEY V. KEMP, 481 U.S. 279, 292, 107 S. CT. 1756, 1767, 95 L. ED. 2D 262, 278, (1987). JoHNSoN V. CALIFORNIA, 543 U.S. 499, 512, 125 S. CT. 1141, 1150, 160 L. ED. 2D 949, 963 (2005),

STATEMENT OF FACTS, CONTINUED;

SANTIAGO V. MILES, 774 F. Supp. 775, 797, W.D.N.Y. (1991). DEAN V. BARBER, 951 F.2d 1210, 1215, 1216, (1992). LT. JOSEPH ALLEN, LT. TINA MORGAN, SGT. JONES INSIDE FENCE, SGT. WHEELER, C.O. DAVIS, C.O. MCKINTYRE, ALL CONSPIRED TOGETHER TO PLACE THE PLAINTIFF INTO SEGREGATION FOR INVOKING THE GRIE-VANCE PROCEDURE. HOWEVER, AS A RESULT OF NEPOTISM, CORRUPTION, CONSPIRACY, RETALIATION, NEGLIGENCE, AS WELL AS, AN ARBITRARY ABUSE OF THEIR DISCRETION-ARY POWER. WHICH CAUSED THE PLAINTIFF TO SUFFER SLEEPLESS NIGHTS, MENTAL ANGUISH, IMPROPER MEDICAL CARE, BEING VICTIMIZED, DENIED ACCESS TO PERSONAL VISITS, PHONE CALLS TO FAMILY, CHAPEL VISITS TO JEWISH SERVICES, LAW LIBRARY VISITS, ACCESS TO THREE HOT MEALS EACH DAY, A PEACE OF MIND, AS WELL AS, MY LIBERTY SUS-PENDED. VIOLATES'. SEE'. BOUNDS 430 U.S. 828.97 S.CT. AT 1498, HOUSTON V. LACK 487, U.S. 266, 270, 276, 108 S.CT. 2379, 2382, 2385, THADDEUS-X V. BLATTER 110 F. 3RD. 1233, 1247, (1997), ZILICH V. LONGO 34 F.3RD 359, CORNELL V. WOODS 69 F 3RD 1383, POPE V. SHAFER 86 F. 3RD 90, (1996), LAVINE V. WRIGHT 423 F. Supp 357, NORTHINGTON U. JACKSON 973 F 2d 1518, 1524, ZINERMON V. BURCH 494 U.S. 113, 139, 110 S.CT. 975, 990, 108 L.ED 2d 100, 122, (1990). MCCLESKEY V. KEMP. 481 U.S. 279, 292, 107 S.CT. 1756, 1767, 95 L.ED. 2d 262, 278, (1981). JOHNSON V. CALIFORNIA, 543 U.S. 499, 512, 125 S.CT. 1141, 1150, 1160 L.ED. 2d 949, 963 (2005). F.S. 20.315 SEC.(4)(b), 943.10 SEC.(2), 112.313 SEC.(4), 838.022 SEC.(1), (2)(A), 944. 31, 32, 33, 944.09 SEC (2), 33-208-001 SEC.(4)(A), 002 SEC (1), (3)(A), 003 SEC (4), (10), (13), (22)(24), 33-603.017 SEC.(1).

DEFENDANT; SGT. WATTS, AND C.O. YONN, BOTH ARE PROPERTY ROOM OFFICIALS, WHO WERE RESPONSIBLE FOR THE PLAINTIFFS PROPERTY STORED IN THE PROPERTY ROOM WHILE THE PLAINTIFF WAS HOUSED IN SEGREGATION. HOWEVER NUMEROUS ITEMS WERE MISPLACED, CONFISCATED, ERADICATED, STOLEN ECT, WHEN THE PLAINTIFF MADE AN ATTEMPT TO RETRIEVE HIS PROPERTY. PLAINTIFF HAS SUFFERED UN-DUE STRESS, MENTAL ANGUISH, BEING VICTIMIZED, SLEEPLESS NIGHTS, DEPRIVED OF HIS OWN PERSONAL PROPERTY. VIOLATES 33-208-002 SEC (24), 003 SEC (10), (13), (22), (24), (28), (30), 33-603.017 SEC.(1), F.S. 812.019 SEC (1), (2), 20.315 SEC.(1)(D), SEE'.

STATEMENT OF FACTS CONTINUED

THADDEUS-X V. BLATTER 110 F. 3D 1233, 1247, (1997), ZILICH V. LONGO 34 F. 3D 359, CORNELL V. WOODS 69 F.3D 1383, POPE V. SHAFER 86 F 3D 90, (1996), LAVINE V. WRIGHT 423 F SUPP 357, NORTHINGTON V. JACKSON 973 F. 2D 1518, 1524), ZINERMON V. BURCH 494 U.S. 113, 139, 110 S.CT. 975, 990, 108 L.ED 2D 100, 122, (1990). MCCLESKEY V. KEMP 481 U.S. 279, 292, 107 S.CT. 1756, 1767, 95 L.ED 2D 262, 278, (1987), DEFENDANTS JAMES D. TYSON, C.O. HOPE, AND C.O. BROWNING, WERE SECURITY OFFICERS, WHO CONSPIRED WITH DEFENDANT LT. JOSEPH ALLEN, TO HARASS, THREATEN, INTIMIDATE, A DISABLE ADULT TO THE POINT OF BEING ASSAULTED AFTER ENTERING CONFINEMENT. BECAUSE OF NEPOTISM, CONSPIRACY, CORRUPTION, NEGLIGENCE, AND RACISM, I WAS PLACED INTO SEGREGATION BY DEFENDANT JAMES D. TYSON, FOR A VERY MINUTE SITUATION. WHICH CAUSED THE PLAINTIFF, SLEEPLESS NIGHTS, MENTAL ANGUISH, BEING VICTIMIZED FOR INVOKING THE GRIEVANCE PROCEDURE, DENIED ACCESS TO PERSONAL VISITS, PHONE CALLS TO MY FAMILY, ACCESS TO THREE HOT MEALS EACH DAY, CHAPEL VISITS TO JEWISH SERVICES, LAW LIBRARY VISITS, AS WELL AS, MY LIBERTY SUSPENDED. VIOLATES: SEE: BOUNDS 430 U.S. 828. 97 S. CT. AT 1498, HOUSTON V. LACK 487, U.S. 266, 270, 276, 108 S.CT. 2379, 2380, 2385, THADDEUS-X V. BLATTER 110 F.3D 1233, 1247, (1997), ZILICH V. LONGO 34 F. 3RD 359, CORNELL V. WOODS 69 F 3RD 1383, POPE V. SHAFER 86 F.3D 90, (1996), F.S. 20. 315 SEC. (1)(A), 943.10 SEC. (2), 112.313 SEC. (6), 944.31, 32, 33, 944.09 SEC. (2) 33-208.003 SEC (16), (13), (22), (24) 33-L03.017 SEC(1). I, HAVE WITNESS C.O. HOPE, AND C.O. BROWNING, ASSAULT DIFFERENT INMATE, WHILE BEING HOUSED IN SEGREGATION. HOWEVER, BOTH STAFF MEMBERS THREATEN MY LIFE ON NUMEROUS OCCASION'S, ON THE COMPOUND, AS WELL AS, IN SEGREGATION.

IT LISTED

## STATEMENT OF FACTS

1. Plaintiff asserts on August, 2008, he was signed to inside fence, when Officers, Sgt. Jones, CO Davis, and Officer McKintyre, instructed me to assault four inmates work inside fence. Inmates Blain, Hickus, S., Holcomb, Crawder. Inmates Willie Hightower (DC# 031285) and Robert Alexander (DC# 059489) were witnesses.

2. Plaintiff refused to assault the said prisoners that the said officers had ordered.

3. Plaintiff asserts, by him not complying with Defendant's assault acts of harassment began by the said officers began to retaliate.

4. On September 5th 2008, Sgt. Jones and a Sgt. Schmidt retaliated and carried out collusion by manufacturing a bogus disciplinary action on Plaintiff for lying to staff members on 9-10-08. The D/R Team found Plaintiff guilty on a fabricated D/R. Log # 213-082389.

5. On 9-29-08, at 9:30 a.m. Sgt Jones made another threat to have my black ass assaulted and placed onto CM I for not complying with his previous instructions. "Fuck my medical passes."\

6. Plaintiff submitted numerous grievances to Warden Hicks, Asst. Warden Polhill, Ms. Robinson, Col. Mallard, and Maj. Jefferson, only to be denied, condoned or not returned to me period.

7. On 10-1-08, at 7:45 p.m. lt. Kilgore informed me that Sgt. Jones, CO Davis, and CO McKintyre requested him to lock me up in confinement. I made a request to Lt. Kilgore asking what violation did I make? However, Lt. Kilgore informed me that they are his drinking buddies, and they asked him to do THAT. I stayed in confinement from 10-1-08 to 10-23-08 without A D/R. However, all of my canteen items were stolen, confiscated, vandalized, or misplaced. THIS WAS A CLEAR CASE OF RETALIATION BY DEFENDANTS.

8. On 10-22-08, formal grievance submitted to Warden Hicks, concerning Sgt. Jones, and Sgt. Schmidt, D/R that was fabricated against me, also Grievance Log # 0810-213-213, approved by Asst. Warden Robinson dated 10-27-08. D/R Log # 213-082389, dated 9-5-08.

Ti LisTen

9.  On 12-1-08, PLAINTIFF, submitted an Informal Grievance to Asst. Warden Polhill concerning Sgt. Jones, malfeasance. However, that grievance was referred back to Sgt. Jones to respond, requesting a job change, because of medical reasons, however, Sgt. Jones, continued to instruct me to violate my medical passes, or go to confinement. Sgt. Jones said "Fuck your med passes."

10. On 12-30-08, at 10:50 a.m. Lt. Allen summoned me to his office located in B-Area breezeway. Lt. Allen had three grievances I submitted to Warden Hicks. Lt. Allen informed me that he doesn't like blacks of niggers. Also, he informed me that he doesn't care about any nigger's medical situation, canteen, or anything concerning blacks and niggers. Lt. Allen informed me if I file another grievance at U.C.I. and that grievance cross his desk, he would personally kill me himself. Also, if he had an opportunity, he would kill every nigger on U.C.I. compound, including myself."RETALIATION."

11. On 1-7-09, I submitted a DC6-236 Form to Col. Mallard, requesting his assistance, concerning Lt. Allen's threat; on 12-30-08 at 10:50 a.m. However, that request was referred to Lt. Morgan to respond, which is a part of Lt. Allen's malfeasance.

12. On 1-13-09, at 1:30 p.m. Lt. Allen, Sgt. Jones, and CO Davis Inside Fence made threats of fucking me up in a minute. However, I had submitted a formal grievance to Warden Hicks, to address this ongoing malfeasance. Warden Hicks approved that grievance. Log # 0901-213-264, dated 2-6-09.

13. On 1-15-09, at 11:50 a.m. Lt. Allen and CO Hope fabricated a D/R against me. Lt. Allen and CO Hope made themselves clear they don't like blacks; or niggers. All of my canteen items, some legal documents, were eradicated, stolen, confiscated, or vandalized. Also Lt. Allen spit dip all over my toilet and floor. Lt. Allen said all niggers are stupid anyway! "RETALIATION."

14. After I was placed into handcuffs and shackles, lt. Allen, CO Hope, and CO Browning, began to call me all types of abusive names. Also, Lt. Allen asked me if I wanted to fight now, or after my black ass reach; confinement. Again Lt. Allen, CO Hope, and CO Browning informed me, they like to assault blacks and niggers anyway. " RETALIATION."

15. CO Hope and CO Browning escorted me to confinement, refused to give me lunch, or a bedroll, soap, toilet tissue, toothbrush, toothpaste, on 1-15-09 at

2:30 pm., or any of my property I should have received. CO Hope and CO Browning stated to me that I didn't have anything coming." RETALIATION,

16. On 1-16-09, at 11:30 p.m. Review the confinement camera, a waste pipe flooded my cell 2115. However, Sgt. Davis came to my cell looked inside turned and walked away without doing anything to resolve that issue. Sgt. Davis turned out the cell light. I lived inside that cell until 1-27-09. Never given the opportunity to sanitize, or clean my cell. Sgt. Davis said fuck him he'll be o.k." RETALIATION, BECAUSE OF UN PROFESSIONAL STAFF MEMBER'S.

17. From 1-16-09, to 1-27-09, all staff members refused to turn the heater on for all the inmates in confinement. RETALIATION, FORCE TO LIVE IN THE COLD.

18. On 1-19-09, at 2:05 p.m. Review the camera, Col. Mallard and Sgt. Wheeler at Cell 2115, I, discussed the threat; by Lt. Allen, on 12-30-08, at 10:50 a.m. as well as, all other issues bedroll, soap, toilet tissue, toothpaste, toothbrush, etc. Col. Mallard instructed me to write him an inmate request on all issues and he would take of that. However, I submitted a request on 1-19-09 that request never made it to Col. Mallard's office, or never returned to me. I submitted that DC6-236 inside of the Grievance Box on 1-20-09. "No property either."

19. On 1-20-09, Sgt. Wheeler fabricated a D/R on myself concerning Lt. Allen's threat. However, that situation was turned back on myself, and I quote: You will be fucked up before Lt. Allen will." RETALIATION, IN BAD FAITH.

20. On 1-21-09, at 2:45 p.m. Review the camera, at Cell 2115, Asst. Warden Robinson, and myself discussed Lt. Allen, threat, against me, as well as, no soap, no personal property period. However, Asst. Warden Robinson informed me that she would take care of that, "FALSE."

21. On 1-23-09, at 3:25 p.m. Review the camera, Maj. Jefferson, at my cell 2115, we discussed lt. Allen, threats on 12-30-08, at 10:50 a.m. my bedroll, no shower by Sgt. Davis, toothpaste, toothbrush, toilet paper, soap, waste water in cell, no property from Sgt. Watts, and CO. Yonn. Maj. Jefferson informed me that he would take care of that. However, nothing was done.

22. On 1-25-09, at 9:33 a.m. Warden Hicks, and Lt. Swain at Cell 2115, review the camera, we discussed Lt. Allen, threats, soap, toothpaste, toothbrush, no property, bedroll, etc. Warden Hicks, informed me that threats by Lt. Allen,

would never be acceptable. However, nothing was done. Warden Hicks denied two fabricated D/Rs by Lt. Allen, CO Hope, and Sgt. Wheeler.

23. I submitted a formal grievance to Warden Hicks on, 1-26-09, concerning the property room officials Sgt. Watts, and CO Yonn, refusing to surrender any of my personal property from 1-15-09, to 2-11-09. However, Grievance Log # 0901-213-251, response dated 1-30-09, never addressed the issue by Asst. Warden Robinson.

24. On 1-27-09, at 2:12 p.m. Sgt. Griffis, gave me another D/R by Sgt. Wheeler fabricated on 1-20-09, at 8:45 a.m. D/R log # 213-090108." RETALIATION."

25. On 1-27-09, I submitted a formal grievance to Warden Hicks concerning Lt. Allen, Sgt. Jones, and CO Davis, threat on 1-13-09 at 1:30 p.m. However, Warden Hicks approved that Grievance Log # 0901-213-264. Also allowed Lt. Allen to retaliate against me anyway.

26. On 1-27-09 I submitted another formal grievance to Warden Hicks, concerning Lt. Allen, denied me access to address that issue, dated 2-6-09, Grievance Log # 0901-213-272, in reference to 1-15-09 at 11:50 a.m. Lt. Allen and CO Hope eradicated numerous legal documents on my case. I never retrieved any of them." RETALIATION!"

27. On 1-28-09, I submitted another formal grievance to Warden Hicks, concerning D/R log # 213-090108, however Warden Hicks, denied that grievance dated 2-9-09, however his response was contrary to grievance log 0901-213-264, before Lt. Allen began his retaliation. A polygraph test will confirm this malfeasance. Give Sgt Wheeler a polygraph test." RETALIATION. "

28. On 2-1-09, I submitted a formal grievance to Warden Hicks, concerning Lt. Allen and Co. Hope's D/R Log #213-090092, fabricated on 1-15-09, at 11:50 a.m.. However Warden Hicks, denied that grievance log #0902-213-004, dated 2-17-09, However that response was contrary to approved grievance log #0901-213-264, dated 2-6-09. A polygraph test will confirm Lt. Allen and Co. Hope malfeasance on 1-15-09, at 11:30 a.m. " RETALIATION. "

29. On 2-2-0-9, I submitted an Informal Grievance to Warden Hicks, concerning Sgt. Watts, and Co. Yonn, refusing to issue a copy of my DC6-220 foam of all personal property. However Asst. Warden Robinson denied a Formal Grievance log #0902-213-170, dated 2-19-09, legal mail missing, or stolen,

"dealing in stolen property."" At 3:50 p.m. discussed threats with Mr. Jackson Mental Health, However Mr. Jackson never returned to my cell again.

30. On 2-8-09, I submitted an Informal Grievance to Warden Hicks, concerning a DC6-236 form addressed to Col. Mallard, per his Instruction to articulate Lt. Allen, threats on 12-30-008 at 10:50 a.m.  However that DC6-236, dated 1-19-09, never returned to me period.  My situation was only procrastinated to the Inspector General, which never contacted me period.  Formal Grievance log #0902-213-191, response dated 2-27-09, by Asst. Warden Robinson, a polygraph test will confirm Lt. Allen threats.  Other grievances submitted on 2-8-09."RETALIATION, "

31. On 2-12-09, I submitted an Informal Grievance concerning my misplaced legal mail, after I received my property on 2-11-09, at 11:00 a.m.  However Formal Grievance log #0902-213-247, response dated 2-27-09, by Asst. Warden Robinson denied me access to my misplaced out going legal mail, as well as my misplaced property." RETALIATION, HoweVer my LEGAL DocumenTs."

32. On 2-23-09 at 11:05 a.m. review the confinement camera, Col. Mallard, and Capt. Box, at cell 3103, when I discussed that DC6-236 form dated 1-19-09, that Col. Mallard instructed me to submit to him about Lt. Allen threats on 12-30-08, at 10:50 a.m.  Col. Mallard informed me that I'm not welcome at U.C.I. anymore, because of staff members dislike for me.  Also, Col. Mallard informed me, whatever they do to me, I must wear that!  After I said to Col. Mallard that he instructed me to submit that DC6-236, dated 1-19-09, I received D/R log #213-090108, for that same issue Lt. Allen made toward myself Col. Mallard turned and walked away.  All inmates on that wing -3, witness Col. Mallard response to me."ReTALIATIoN," FoR ComPLyInG WITH oooR,

33. On 2-25-09, at 8:40 p.m. in N-dorm, after I received my shave Sgt. Davis summoned me into a holding cell.  After I, entered the holding cell the female officer inside the office turn out the holding cell lights.  While in handcuffs Sgt. Davis ask me, if I filed a grievance on him?  Also Sgt. Davis replied to me, if I did he would break my jaw, and kick-out the rest of my teeth.  I informed Sgt. Davis I never filed a grievance on him, However Sgt. Davis informed me  that I had one week to withdraw that grievance, or he would fuck me up."ReTALIATIoN, "In BAo FAITH.

34. On 3-3-09, at 9:30 I reported for a job assignment located in B-area.  Lt. Allen, approached myself and said. "I quote", How in the fuck did you get out

of confinement. You should have been fucked up. What job do you think I'm going to give you. I will never put you back into the laundry per Col. Mallard. I was re-assigned to work food service. *LT. ALLEN RETALIATES "*

35.  On 3-19-09, at approximately 2?10 p.m. returning from work at food service, Lt. Allen began to call me a fuck-boy, I was called a fuck-boy three times. Lt. Allen summoned me to speak with him, after I arrived at B-AREA breezeway Lt. Allen stated and "I quote" why did you tell someone I called you a nigger, Nigger! Lt. Allen, ordered me three different times to go to his office for me to fight him. However, I refused to comply with his unlawful command. Lt. Allen informed me, that this is personal between us, however he never informed me what was wrong, I'm being threatened , harassed, and retaliated against on the daily basis by the officer. Numerous inmate and two staff members witness this situation. ·

## CLAIMS

### FIRST CAUSE OF ACTION

36.  The actions of the Defendant Jones, Davis, and McKintyre stated in paragraphs 1 through 5 denied Plaintiff due process of law in violation of his first and fourteenth amendment.

37.  Plaintiff's first and fourteenth amendment was violated when:

a)  he was punished, and retaliated against when defendant's order him to assault inmates Hickus, Blain, Holcomb, Crawder. [Hightower and Alexander witness one situation by Sgt. Jones, Davis, McKintyre].

b)  he was punished and retaliated against on 9/5/08. by Jones and Sgt. Schmidt. Bogus disciplinary for lieing to staff members because he refused to assultd inmate <u>Hickus</u>, <u>Holcomb</u>, <u>Crawder</u>, <u>Blain</u>. Walking D/R no D/C time. 60 days probation.

c)  On 9-29-08 Sgt. Jones denied Plaintiff a <u>job change</u> because of refusing to assault said prisoners. When need of medical treatment also said fuck your medical passes.

## SECOND CAUSE OF ACTION

38. The actions of the Defendants, Warden Hicks, Asst. Warden Polhill, Asst. Warden Robinson, Col. Mallard, and Maj. Jefferson as stated in paragraphs 1 through 11 denied Plaintiff due process of law in violation of his first and fourteenth amendment.

Plaintiff's first and fourteenth amendment was violated when:

d) he submitted several grievances to the said defendant's making them aware of Sgt. Jones, Co. Davis, and Co. Mckintyre retaliation, and defendant's having knowledge and acquiescence of there subordinate pattern of the prisoner abuse by guards at U.C.I. inflicting constitutions injuries on prisoners and was not doing so in secret or isolated manner.

e) that Defendant's was personally involved in Plaintiff's retaliation injuries because the said defendant's as higher up officials denied all inmates grievance and cover up for their subordinate wrong doing against prisoners, which lead to the Plaintiff retaliation injuries received.

f) that Warden Hicks failure to train and supervise his subordinate that were so serious as to constitute deliberate indifference which lead to Sgt. Jones, Co. Davis, Co. Mckintyre, and Sgt. Schmidt retaliation against Plaintiff to fabricate a bogus infraction for refusing to assault prisoners as they had order him to do so.

g) That Warden Hicks operated U.C.I. knowing that this prison guards so corrupted that they had pattern assaulting prisoners retaliation against prisoners for filing grievances that Plaintiff live day to day fear of his life. See Exhibit –A– attached hereto.

## THIRD CAUSE OF ACTION

39. The action of the Defendants Lt. Allen, Co. Hope, and Co. Browning stated in paragraphs 1 through 24 denied Plaintiff due process of law in violation of his first and fourteenth amendment:

h) On 10-1-08 the Defendants Lt. Kilgone, Sgt. Jones, Davis, and Mckintyre placed him in segregation without a disciplinary report twenty three (23) days for no reason and that all property was eradicated or stolen behind the malicious reckless acts by Defendant's.

i) On 12-1-08 Plaintiff submitted a request slip for job changed on 12-30-08 Lt. Allen summoned him to his office. Started calling racial names, niggers, black ass, and he would personally kill me if Plaintiff filed another grievance. Lt. Allen, stated and "I quote", he does not give a fuck about any nigger medical situation, or who I tell he said that.

j) On 1-7-09 Plaintiff submitted another request to Col. Mallard and complained about Lt. Allen threats, and Lt. Morgan respond no action was taken in the matter, which work real close to Lt. Allen.

k) On 1-15—09 against Lt. Allen and Co. Hope retaliated against Plaintiff and fabricated another disciplinary report, calling the Plaintiff niggers, and placing him on lockup, his property and 3.850 legal papers he was in process of filing in Dade County.

l) Defendnats Browning, Allen, and Hope after placing him on lockup, refused to give him a bed roll, soap, toilet paper, tooth brush. After his cell was flooded, Sgt. Davis told him fuck him.

m) On 1-26-09 Sgt. Watts and Co. Yonn refused to surrender his personal property, and his legal papers he was in the process of filig his 3.850.

n) Defendant Griffis and Sgt. Wheeler join the Lt. Allen retaliation acts on 1-27-09. Sgt. Griffis gave him another fabricated disciplinary report he was found guilty on hearsay allegations that Griffis and Sgt. Wheeler made up.

## QUALIFIED IMMUNITY

40. That Defendants known that they were violating Plaintiff clearly established constitutional or statutory rights are expected to have knowledge of.

## RELIEF

WHEREFORE, Plaintiff request this honorable court grant the following:

a) Issue a declaratory judgment that the defendants violated the United States constitution and state law when they:

   i.   retaliated against Plaintiff for not complying with the order to assault other prisoners.

   ii.   manufactured bogus disciplinary reports without justification, and denied him under state law to remained in general population and eradicated plaintiff's personal legal papers, and post conviction 3.850 proceeding, and not returned.

   iii.   issue an injunction ordering that Defendants' or their agents reframe from further harassment and retaliation to prevent any injury to Plaintiff.

   iv.   Grant compensatory damages in the following punitive damages.

   v.   Grant such other relief as the court see just.

Respectfully submitted,

Norman E. Carter

41. On 3-31-09, at 9:45 A.m. on my way to the library C.O. James D. Tyson, gave me a pat search. After I cleared the metal detector, however C.O. Tyson, dis covered some jelly I had inside of a red coffee bag. C.O. James D. Tyson, informed me that his friends at inside fence will be real happy that I write you a D/R for this jelly. I was placed into confinement again. C.O. James D. Tyson, retaliated against me, to assist his co-workers.

42. After I arrived at confinement once again I was denied access to the noon meal, no soap, tooth brush, tooth paste, or toilet tissue." Retaliation."

43. On 3-31-09 I, submitted an inmate request to the food service director Mrs. Dunnagan, to receive an alternate food tray. However I, was denied access to this meal from 10-1-08, to 10-23-08, from 1-15-09, to 2-27-09, from 3-31-09, to 3-15-09, in bad faith. I made numerous request to Sgt. Davis, Sgt. Hewitt, C.O. Miller, C.O. Crow, ect to know avail." Retaliation," cold food three times each day.

44. Numerous medical grievances to address health issue's being denied from 3-26-07, until this present date, by warden Hicks, Polhill, Ms. Robinson, and Dr. Aviles M.D. I'm suffering daily with lower back, pain, both testicles, right side of stomach, and both ears keep infections.

45. On 3-9-09, I, submitted a DC6-236, requesting to be transferred closer to my family located in Miami, Florida, however Ms. Oliver never addressed that issue." Retaliation, "

On 4-16-09, at 9:30 A.m. C.O. James D. Tyson, stop myself and began to harass myself about submitting four informal grievance on him dated 3-31-09. each time I pass gate one C.O. James D. Tyson, would retaliate.

Respectfully Submitted,

Norman E. Carter

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

Jury By Trial, Invoke an Emergency Injuctive Relief, Stop all Defendants From Futher Irreparable Injury, Damages From each Defendants In Their Individual Capacity In The Sum of 150,000 each, Compensation And Punitive Damages In The Sum of 150,000 each, Restore All Gaintime Lost, From All D/Rʼs Listed Herein, Also Transfer Plaintiff To Miami, Florida, Have all Defendants Submit to A Voice Stree Analyzer Test to Prove This Situation.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___2ND___ day of ____JULE____, 2 _0l0_.

(OLD)

NORMAN E. CAISOO # 471680

UNIOA C.I 7819 NW 228ᵗʰ STREET

RAIFORD, FLORIDA 32026 - 4160

Norman E. Caison
_____
**(Signatures of all Plaintiffs)**

( NEW )

CHARLOTTE C.I.

33123 OIL WELL ROAD

PUNTA GORDA, FLORIDA
                        33955

## OATH

I, NORMAN E. CAISON, UNDERSIGNED AM THE PLAINTIFF, IN THIS ACTION AND DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO THE LAWS OF THE STATE OF FLORIDA, THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, SEE: F.S. 92.525, SHEARER V. STATE, 628 So. 2D 1102, (FLA. 1993). EXECUTED ON THIS 2ND DAY OF JUNE 2010.


## CERTIFICATE OF SERVICE

I, NORMAN E. CAISON, HEREBY CERTIFY, UNDER § 92.525, F.S. 2009, AND PURSUANT TO THE AUTHORITY OF THOMPSON V. STATE, 761 So. 2D 324, (FLA. 2000), (PRISONER MAILBOX RULE), THAT I HAVE PLACED THE BELOW DESCRIBED DOCUMENT INTO THE HANDS OF CHARLOTTE C.I. MAILROOM OFFICIALS FOR MAILING AND A TRUE COPY OF THE FOREGOING 1983 CIVIL RIGHTS COMPLAINT HAS BEEN FURNISHED ON THIS 2ND DAY OF JUNE 2010, VIA U.S. FIRST CLASS MAIL TO THE CLERK OF THE COURT UNITED STATES DISTRICT COURT 300 NORTH HOGAN STREET SUITE-9-150 JACKSONVILLE, FLORIDA 32202-4271

(OLD)

MR. NORMAN E. CAISON #471680
UNION CORRECTIONAL INSTITUTION
7819 N.W. 228th STREET / N-1120
RAIFORD, FLORIDA 32026-4160

Norman E. Caison

(NEW)

CHARLOTTE C.I.
33123 OIL WELL ROAD
PUNTA GORDA, FLORIDA 33955

# Affidavit

Otvel Lloyd. States under penalty of Perjury.

I Am a witness in Plaintiff case. and make This Affidavit in support of a Claim under 42 U.S.C. § 1983. I Am willing To testify in a court of Law.

On March 19, 2009. Approximately 200 P.M. Returning To B-Area. I notice LT. Allen calling inmate Norman a Fuck Boy and screming at him. Nigger, Nigger. Also LT. Allen instructed him To go into his office. Allen stated Both of Then could Fight. each other, There was several of inmates standing witness LT Allen misconduct Action against inmate Norman, Allen Threats.

I Hereby sworn the Follow statement is True and Correct To my Personal knowledge and make oath To this Affidavit.

Orvel J wd

678726

UCI

## Affidavit

Orvel Lloyd. States under penalty of Perjury.

on middle part of June 2009. LT. Allen Called me in B-Area LT. Office Started Calling me a F.B.I - you and that Fuck Boy Norman. I Just had his Ass Lockup Against For Filing inmate Grievance. Against us, if you Filed Another Grievance Against office George. I Put your Ass on Lockup Like I did Norman do you hean That.

I Hereby Sworn the following Statement is True and Correct To Best of my Personal Knowledge and make oath To this Affidavit.

Orvel Lloyd

7-3-09.